**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **TIEN VAN TRAN,**<br><br>*Petitioner*,<br><br>**v.**<br><br>**PAMELA BONDI, ATTORNEY GENERAL; KRISTI NOEM, SECRETARY OF HOMELAND SECURITY; TODD M. LYONS, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR OF U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; MARCOS CHARLES, ACTING EXECUTIVE ASSOCIATE DIRECTOR FOR ENFORCEMENT AND REMOVAL OPERATIONS; MARISA FLORES, FIELD OFFICE DIRECTOR FOR ENFORCEMENT AND REMOVAL OPERATIONS; U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY, CURTIS TAYLOR, MAJOR GENERAL, U.S. ARMY AT FORT BLISS;**<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **No. 3:26-CV-00512-LS** |

**ORDER DISMISSING CASE**

The Government notified the Court that Petitioner was removed from the United States and is no longer in custody.[1] Petitioner filed a petition for a writ of habeas corpus challenging Petitioner's detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer

[1] ECF No. 6.
[2] ECF No. 1.

detained by Respondents, the petition is moot.[3] The Court therefore denies Petitioner's writ of habeas corpus, dismisses this case as moot, and all pending motions are denied as moot. **THE CLERK SHALL CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on October 21, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[3] *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted).